## GILPIN v. DALY, (two cases.)

### (Supreme Court, Special Term, New York County. March 1, 1890.)

GAMING—ACTION TO RECOVER MONEY LOST—PLEADING.

  In an action to recover money of plaintiff's assignor, lost at gaming by its treasurer, an allegation that the money was lost in gambling-houses of which defendants were proprietors is not immaterial, and will not be stricken out, as it shows the relation of the parties at the time the money was lost.

At chambers. Two actions by Charles Gilpin, Jr., as assignee of the Glamorgan Iron Company,—one against John Daly and others, and the other against Appleby and others, proprietors of gambling-houses in the city of New York,—to recover money of plaintiff's assignor which had been lost by one Charles B. Wigton, its treasurer, at defendants' houses. Defendants move to strike out all the allegations of the complaint in regard to gambling-houses, and all other allegations except such as are necessary in an action for money had and received, and that plaintiff furnish a bill of particulars.

*Strong & Cadwalader,* for plaintiff. *John Graham,* for defendants.

PATTERSON, J. That an action for money had and received will lie against a person who has won by gaming from an employe the money of his employer was decided in *Causidere* v. *Beers,* 1 Abb. Dec. 333; and it is there intimated that in such a case the money might have been recovered at common law in a declaration under the common counts. But in an action under the Code facts are required to be set forth, and one of the facts stated in these complaints is that the money belonging to the plaintiff's assignor was lost in a gambling-house belonging to the defendants. That cannot be considered as an entirely immaterial fact, because it is a circumstance which, in an action for money had and received, would go to show the relation and situation of the parties at the time the money was lost; so that, even upon the contention of the learned counsel for the defendants in his able argument that the complaint should be trimmed down to one for money had and received, the matter objected to should not be stricken out under the provisions of the Code which he has invoked for that purpose. I do not wish to express any opinion as to whether or not this suit can be maintained as one in equity. That is a question which must arise in another way. There is a good cause of action on the facts appearing, and the part now objected to is not irrelevant to that cause of action, whether the remedy be legal or equitable. As to that part of the motion respecting a bill of particulars, there is nothing to show that the defendants have not as full knowledge of the circumstances and details of the transactions respecting the loss of the moneys as the plaintiff has, and therefore that branch of the motion must be denied. It further appears that the plaintiff has not knowledge of the facts. Concerning the division of the complaint into as many causes of action as there were different winnings of the moneys of the plaintiff's assignor lost at play by the servant, the decision of that matter must depend altogether upon the right of the plaintiff to maintain this suit as one in equity,—a question which, in my judgment, does not, and cannot properly arise upon this motion. The motion in all three of its aspects is denied, with $10 costs to abide the event.